UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICARDO CUESTA,

      Petitioner,

v.                                          Case No. 2:26-cv-224-JES-NPM

KRISTI NOEM, et al.,

      Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Ricardo Cuesta's petition for writ of habeas corpus (Doc. 1), the government's response (Doc. 7), and Cuesta's reply (Doc. 9).  For the below reasons, the Court grants the petition to the extent set forth in this Order.

## I.    Background

Ricardo Cuesta is a citizen of Cuba who was paroled into the United States on March 31, 1999.  (Doc. 7 at 1–2; Doc. 7-1 at 2).  He adjusted status to that of a lawful permanent resident on September 16, 2002.  (Doc. 7 at 2; Doc. 7-1 at 2).  Following a criminal conviction for possession with intent to distribute one hundred or more marijuana plants, he was placed into removal proceedings and ultimately ordered removed from the United States to Cuba on October 27, 2009.  (Doc. 1 at 7; Doc. 7 at 2; Doc. 7-1 at 2).  Cuesta waived appeal, rendering the decision final on that date.  (Doc. 1-2 at 10).  He was released from immigration custody

after an unspecified number of days and placed on an Order of Supervision with Immigration and Customs Enforcement (ICE). (Doc. 1 at 7).

On November 12, 2025, Cuesta reported for a routine check-in at the ICE Field Office in Miramar, Florida. (Doc. 1 at 8). During the check-in, ICE took Cuesta into custody for the stated purpose of executing his removal order. (Doc. 1 at 8; Doc. 7 at 2; Doc. 7-1 at 2). He was provided a notice of revocation of release. (Doc. 7-3; Doc. 7-4). The document stated that "ICE has determined that there is now a significant likelihood of removal in the reasonably foreseeable future." (Doc. 7-3 at 1). The notice also informed Cuesta that ICE intended to remove him to Mexico. (Doc. 7-5).

At the time Cuesta filed his petition, Respondents had not secured travel documents or otherwise demonstrated that his removal was likely in the reasonably foreseeable future.

## II.  Discussion

### A.    The Court has jurisdiction to consider Cuesta's claims.

Respondents argue that the Court lacks jurisdiction to consider this petition. (Doc. 7 at 3).[1]  They point to a provision

---

[1] Respondents acknowledge the Court's prior rulings on jurisdiction and in the interests of judicial economy, incorporate the same jurisdiction arguments as they made in Cetino v. Hardin, et al., No. 2:25-cv-1037-JES-DNF, 2025 WL 3558138 (M.D. Fla. Dec. 12, 2025). (Doc. 7 at 3).  Here, the Court addresses those arguments.

that bars courts from hearing certain claims that states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  But this jurisdictional bar is narrow.  "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, *adjudicate* cases, or *execute* removal orders.'"  Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); see also Jennings v. Rodriguez, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General.  Instead, we read the language to refer to just those three specific actions themselves.").  "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged."  Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs., 964 F.3d 1250, 1258 (11th Cir. 2020).

Respondents also raise the INA's "zipper clause," which states:

3

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9). But the zipper clause only applies to claims requesting review of a removal order. See Madu v. U.S. Attorney Gen., 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Cuesta does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, he challenges the legality and length of his detention based on procedural deficiencies and under a framework devised by the Supreme Court for district courts to apply. See Zadvydas, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in Cuesta's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction

4

over this action.

**B. Cuesta's continued detention violates the Supreme Court's framework in <u>Zadvydas v. Davis</u>.**

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." <u>Singh v. U.S. Attorney Gen.</u>, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. <u>Id.</u> Detention may continue after the removal period, but not indefinitely.

In <u>Zadvydas</u>, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." <u>Id.</u> at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." <u>Id.</u> at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. <u>Id.</u> Courts use a burden-shifting framework to judge the constitutionality of additional post-removal

detention.    If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise.  Id.

Respondents concede that Cuesta's "90-day removal period elapsed in the 90-days immediately following his 2009 removal order becoming final," and because another 104 days passed before the response was filed, Zadvydas's "burden-shifting framework comes into play."  (Doc. 7 at 7).

The Court finds that Cuesta has carried his initial burden by showing good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  ICE made that determination when it released him in 2009, and it has been unable to remove Cuesta in the sixteen intervening years or in the 140 days since his latest detention.

Respondents make no real attempt at rebuttal.  While they argue that removal to Mexico is "practicable," they do not allege that Mexico—or any other country—has actually agreed to accept Cuesta.[2]  Nor do they allege that U.S. officials have contacted

---

[2] See 8 C.F.R. 241.13(f) ("Factors for consideration [as to whether there is a significant likelihood of removing a detained alien]. The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts,

any country about accepting Cuesta specifically.  Under, <u>Zadvydas</u> this is insufficient to show a realistic likelihood of removal.

### III. Conclusion

The Court finds no significant likelihood that Ricardo Cuesta will be removed in the reasonably foreseeable future.  He is entitled to release from detention under <u>Zadvydas</u>, but he remains subject to the terms of the order of supervision.  If Cuesta fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention.  <u>See</u> 8 U.S.C. § 1253(b); <u>Zadvydas</u>, 533 U.S. at 695("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Cuesta to "assur[e] [his] presence at the moment of removal."  <u>Zadvydas</u>, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

1.   Ricardo Cuesta Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2.   Respondents shall release Cuesta within 24 hours of this

---

the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.").

Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

3.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 1, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

8